S11Y0194. IN THE MATTER OF RODNEY F. TEW.
(710 SE2d 747)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master, Scott Lester Bonder, who recommends that Rodney F. Tew (State Bar No. 142009) be disbarred for his violations, in two State Disciplinary Board Docket Numbers, of Rules 1.2 (a), 1.3, 1.4, 1.5 (c), 1.15 (I) (a) and (b), 1.15 (II), 1.16 (d), 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum penalty for violation of Rules 1.2, 1.3, 8.4 (a) (4) and 1.15 (I) is disbarment. Tew acknowledged service of the formal complaints but did not file answers so he is in default and the allegations in the complaints are deemed admitted. See Bar Rule 4-212 (a).

By virtue of his default, Tew admits that in SDB No. 5683 he represented a client in a personal injury matter but refused to respond to the client's numerous attempts to contact him. Tew's staff told the client that the case would go to litigation, but shortly thereafter Tew told the client that he anticipated a settlement meeting and was seeking $25,000. Tew did not communicate further with his client about settlement discussions. The insurance company issued a check in the amount of $7,000 payable to Tew and the client. Tew did not notify his client of the settlement or the receipt of funds. Tew forged his client's signature to the check and cashed it. When Tew did not communicate with the client or provide an operable phone number, the client contacted the insurer and learned that his case had been settled. Tew did not disburse any funds to his client and did not respond to the Investigative Panel. By his conduct Tew violated Rules

1.2 (a), 1.3, 1.4, 1.15 (I) (a) and (b), 8.4 (a) (4), and 9.3 in this matter.

In SDB No. 5748, Tew admits that he agreed to represent a client in a real estate dispute between business partners. Although Tew and the client dispute the terms of the representation agreement, which was not in writing, they agree that it was for a contingency fee. The litigation settled for $200,000. Tew and the client engaged in discussions about modification of the fee agreement; they dispute the terms and there is no written agreement on modification, but according to Tew the maximum fee would have been $20,000. Tew and the client agreed that Tew would deposit the proceeds in his escrow account and make disbursements to the client or on his behalf as directed. Tew deposited the funds into an account designated "Real Estate Escrow Account" and made nine disbursements totaling $129,912 to the client or third parties at the client's direction. The remaining proceeds would have been $70,088, but Tew's escrow account had a closing balance of $18,400.98 as of April 30, 2008. In May and June 2008 Tew made various payments to the client totaling about $28,000, which included cash and a wire transfer from Tew's account titled as "Tew & Associates, LLC." Two checks issued in the amounts of $3,000 and $4,000 were not negotiable, either by reason of insufficient funds or a stop payment action taken by Tew. Bank records indicate that Tew used the account titled "Tew & Associates, LLC" to disburse other client funds in addition to those belonging to the client in this case. Bank records also indicate that Tew used funds in the account titled "Real Estate Escrow Account" for personal use. In response to the grievance in this matter, Tew stated that he did not issue checks from his escrow account but rather transferred funds to his operating account to issue checks. By virtue of this conduct Tew violated Rules 1.5 (c), 1.15 (I), 1.15 (II), and 1.16 (d).

We agree with the special master that the record shows no factors in mitigation of punishment, while in aggravation it shows that Tew failed to make restitution to either client, had a dishonest or selfish motive, exhibited a pattern of misconduct, and refused to acknowledge the wrongful nature of his conduct. Accordingly, we conclude that disbarment is the appropriate sanction in this matter and hereby order that the name of Rodney F. Tew be removed from the rolls of attorneys authorized to practice law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina*

*Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.